David A. Weibel, OSB #082316
Katie A. Axtell, OSB #110458
BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 Olive Way, Suite 1201
Seattle, WA 98101
Phone: (206) 622-5306
Email: dweibel@bwmlegal.com
*Attorneys for Defendants Nationstar Mortgage,*
*LLC, First Tennessee Bank National Association,*
*Inc. dba First Horizon Home Loans, A Division*
*of Tennessee Bank National Association*

### IN THE UNITED STATES DISTRICT COURT
### DISTRICT OF OREGON
### PORTLAND DIVISION

| | |
|---|---|
| RICHARD J . GRAAP and LYNETTE D. GRAAP,<br><br>                                  Plaintiffs,<br><br>          v.<br><br>NATIONSTAR MORTGAGE, LLC, a Delaware limited liability company; FIRST TENNESSEE BANK NATIONAL ASSOCIATION, INC. dba FIRST HORIZON HOME LOANS, A DIVISION OF TENNESSSEE BANK NATIONAL ASSOCIATION, a District of Columbia Corporation,<br><br>                                  Defendants. | NO. 3:13-cv-00004-BR<br><br>DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT |

COMES NOW Defendants Nationstar Mortgage, LLC ("Nationstar"), and First Horizon

Home Loans, a division of First Tennessee Bank National Association ("First Horizon") incorrectly

captioned above as "First Tennessee Bank National Association, Inc.," (collectively referred to

herein as "Defendants"), by and through counsel, David A. Weibel and Katie A. Axtell of Bishop,

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 1

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

White, Marshall & Weibel, P.S., and submits the following Answer to Defendants Complaint:

## I.  ANSWER TO COMPLAINT

1.      In answering Paragraph 1, Defendants admit the allegation contained therein.

2.      In answering Paragraph 2, Defendants admit that Nationstar Mortgage is an indirect, wholly-owned subsidiary of a publicly traded company, Nationstar Mortgage Holdings Inc., a Delaware corporation.

3.      In answering Paragraph 3, Defendants deny the allegations contained therein.  First Horizon Home Loans is a division of First Tennessee Bank National Association.  First Tennessee Bank National Association is a wholly owned subsidiary of First Horizon Nation Corporation.  First Horizon Nation Corporation is a publicly traded Tennessee stock corporation.

4.      In answering Paragraph 4, Defendants admit that Plaintiffs own certain real property commonly known as 4609 Riverview Ave., West Linn, Oregon 97068 (the "Residence"). Defendants are without sufficient knowledge to admit or deny that Plaintiffs have resided at the Residence at all relevant times and, therefore, deny the same. Defendants

5.      In answering Paragraph 5, admit that Note dated May 22, 2008, executed by the Plaintiffs ("Note") speaks for itself.

6.      In answering Paragraph 6, Defendants admit that the Note and Deed of Trust at issue in this case speak for themselves.  Apart from the terms contained in those documents, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

7.      In answering Paragraph 7, Defendants admit that the Note, Deed of Trust and Assignment of Deed of Trust at issue in this case speak for themselves.  Apart from the terms

contained in those documents, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny the same.

8.    In answering Paragraph 8, Defendants admit that the letter dated June 3, 2011, attached to the Complaint as Exhibit 4 speaks for itself.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained therein and therefore deny the same.

9.    In answering Paragraph 9, Defendants admit the Plaintiffs were in default.  Defendants are without sufficient information to admit or deny the allegations contained in the remainder of Paragraph 9 and, therefore, deny the same.

10.    In answering Paragraphs 10 and 11, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

11.    In answering Paragraph 12, the letter dated July 20, 2011, attached as Exhibit 5 to the Complaint speaks for itself.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 12 and, therefore, deny the same.

12.    In answering Paragraph 13, Defendants admit that the letter dated December 10, 2011, attached as Exhibit 6 speaks for itself.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 13 and, therefore, deny the same.

13.    In answering Paragraph 14, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 3

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

14.    In answering Paragraph 15, Defendants admit that the letter dated December 12, 2011, and attached to the Complaint as Exhibit 7 speaks for itself.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 15 and, therefore, deny the same.

15.    In answering Paragraph 16, Defendants admit that the letter dated December 22, 2011, and attached to the Complaint at Exhibit 8 speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 16 and, therefore, deny the same.

16.    In answering Paragraph 17, Defendants admit that the letters dated January 12, 2012, and January 16, 2012, attached as Exhibit 9 speak for themselves, and Defendants deny any characterizations of the information contained therein.    Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 17 and, therefore, deny the same.

17.    In answering Paragraph 18, Defendants admit that the letter dated January 24, 2012, attached as Exhibit 10 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 18 and, therefore, deny the same.

18.    In answering Paragraph 19, Defendants admit that the Annual Tax and Interest Statement attached as Exhibit 11 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 4

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 19 and, therefore, deny the same.

19.     In answering Paragraph 20, Defendants admit that the letter dated February 8, 2012, attached as Exhibit 12 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 20 and, therefore, deny the same.

20.     In answering Paragraph 21, Defendants admit that the letter dated February 15, 2012, and enclosures attached as Exhibit 13 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 21 and, therefore, deny the same.

21.     In answering Paragraph 22, Defendants admit that the letter dated February 22, 2012, attached as Exhibit 14 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 22 and, therefore, deny the same.

22.     In answering Paragraph 23, Defendants admit that the Mortgage Loan Statement dated March 6, 2012, attached as Exhibit 15 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 23 and, therefore, deny the same.  Defendants deny that that statement contained

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 5

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

"impermissible and excess charges."

23.    In answering Paragraph 24, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

24.    In answering Paragraph 25, Defendants admit that the letter dated April 3, 2012, attached as Exhibit 16 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 25 and, therefore, deny the same.

25.    In answering Paragraph 26, Defendants admit that the letter dated April 5, 2012, attached as Exhibit 17 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 26 and, therefore, deny the same.

26.    In answering Paragraph 27, Defendants admit that the letter dated April 16, 2012, and enclosures attached as Exhibit 18 to the Complaint speaks for themselves, and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 27 and, therefore, deny the same.

27.    In answering Paragraph 28, Defendants admit that the letter dated April 25, 2012, attached as Exhibit 19 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 28 and,

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 6

therefore, deny the same.

28.      In answering Paragraph 29, Defendants admit that the letter dated April 19, 2012, and enclosures attached as Exhibit 20 to the Complaint speak for themselves, and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 29 and, therefore, deny the same.

29.      In answering Paragraph 30, Defendants admit that the letter dated May 3, 2012, attached as Exhibit 21 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 30 and, therefore, deny the same.

30.      In answering Paragraph 31, Defendants admit that the letter dated May 9, 2012, attached as Exhibit 22 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 31 and, therefore, deny the same.

31.      In answering Paragraph 32, Defendants are without sufficient information to admit or deny the allegation contained therein and, therefore, deny the same.

32.      In answering Paragraph 33, Defendants admit that the letter dated June 1, 2012, attached as Exhibit 23 to the Complaint speaks for itself and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 33 and,

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

therefore, deny the same.

33.    In answering Paragraph 34, Defendants admit that the letter dated June 18, 2012, attached as Exhibit 24 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 34 and, therefore, deny the same.

34.    In answering Paragraph 35, Defendants admit that the letter dated June 11, 2012, attached as Exhibit 25 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 35 and, therefore, deny the same.

35.    In answering Paragraph 36, Defendants admit that the letter dated June 29, 2012, attached as Exhibit 26 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 36 and, therefore, deny the same.

36.    In answering Paragraph 37, Defendants are without sufficient information to admit or deny the allegation contained therein and, therefore, deny the same.

37.    In answering Paragraph 38, Defendants admit that the letter dated July 12, 2012, attached as Exhibit 27 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 38 and,

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 8

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

therefore, deny the same.

38.      In answering Paragraph 39, Defendants admit that the letter dated July 16, 2012, attached as Exhibit 28 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 39 and, therefore, deny the same.

39.      In answering Paragraph 40, Defendants admit that the Mortgage Loan Statement dated July 18, 2012, attached as Exhibit 29 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 40 and, therefore, deny the same.  Defendants deny that that statement contained "impermissible and excess charges."

40.      In answering Paragraph 41, Defendants admit that the letter dated August 23, 2012, attached as Exhibit 30 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.  Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 41 and, therefore, deny the same.

41.      In answering Paragraph 42, Defendants admit that the Mortgage Loan Statement dated August 20, 2012, attached as Exhibit 31 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 42 and, therefore, deny the same.  Defendants deny that that statement contained

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 9

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

"impermissible and excess charges."

42.     In answering Paragraph 43, Defendants admit that "Posted Notice" attached as Exhibit 32 to the Complaint speaks for itself, and Defendants deny any characterizations of the information contained therein.   Apart from the terms contained in that document, Defendants are without sufficient information to admit or deny the allegations contained in Paragraph 43 and, therefore, deny the same.

43.     In answering Paragraph 44, Defendants state that the paragraph contains a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained therein.

44.     In answering Paragraph 45, Defendants are without sufficient information to admit or deny the allegation contained therein and, therefore, deny the same.

45.     In answering Paragraph 46, Defendants incorporate by reference all defenses and averments in paragraphs 1 through 45 as if fully rewritten herein.

46.     In answering Paragraphs 47 to 52, Defendants deny the allegations contained therein.

47.     In answering Paragraph 53, Defendants incorporate by reference all defenses and averments in paragraphs 1 through 44 as if fully rewritten herein.

48.     In answering Paragraphs 54-62, Defendants deny the allegations contained therein.

49.     In answering Paragraph 63, Defendants incorporate by reference all defenses and averments in paragraphs 1 through 45 as if fully rewritten herein.

50.     In answering Paragraph 64, Defendants state that the paragraph contains a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained therein.

51.     In answering Paragraph 65, Defendants state that the paragraph contains a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained therein.

52.     In answering Paragraph 66, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

53.     In answering Paragraphs 67-68, Defendants deny the allegations contained therein.

54.     In answering Paragraph 69, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

55.     In answering Paragraph 70-76, Defendants deny the allegations contained therein.

56.     In answering Paragraph 77, Defendants incorporate by reference all defenses and averments in paragraphs 1 through 45 as if fully rewritten herein.

57.     In answering Paragraph 78, Defendants state that the paragraph contains a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained therein.

58.     In answering Paragraph 79, Defendants state that the paragraph contains a legal conclusion to which no response is required.  To the extent an answer is required, Defendants deny the allegations contained therein.

59.     In answering Paragraph 80, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

60.     In answering Paragraph 81, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 11

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

61.    In answering Paragraph 82, Defendants admit that Plaintiffs sent a letter to Nationstar dated December 22, 2011.  The remainder of the allegations in Paragraph 82 contain legal conclusions to which no response is required.  To the extent an answer is necessary, Defendants deny the same.

62.    In answering Paragraph 83, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

63.    In answering Paragraph 84, Defendants are without sufficient information to admit or deny the allegations contained therein and, therefore, deny the same.

64.    In response to Paragraph 85-93, Defendants deny the allegations contained therein

65.    Plaintiffs make a request for relief after Paragraph 93 to which no response is required. To the extent an answer is required, Defendants deny the same.

## II.  AFFIRMATIVE DEFENSES

Defendants re-allege its foregoing Answers and further asserts the following Affirmative Defenses:

1.    Plaintiffs' claims are barred because service of process is insufficient or defective.

2.    Plaintiffs' claims are barred by applicable statutes of limitations.

3.    Plaintiffs have failed to state a claim upon which relief may be granted against Defendants.

4.    Defendants deny that Plaintiffs suffered any losses, but if the court concludes otherwise, Plaintiffs' claimed losses resulted from their own actions or inaction, or they were contributory negligent in causing their alleged losses.

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 12

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

5.      Plaintiffs failed or may have failed to mitigate their alleged losses, if any.

6.      Plaintiffs' alleged losses, if any, were not proximately caused or contributed to by Defendants.

7.      Plaintiffs' alleged losses, if any, were or may have been caused or contributed to by the actions or failure to act of a non-party whose identity is not presently known to Defendants.

8.      Plaintiffs' alleged losses were caused or contributed to by persons and/or entities over which Defendants had no control or right to control.

9.      Plaintiffs' claims are barred or will be limited by waiver and/or laches.

10.     Plaintiffs' claims are barred or will be limited by estoppel, including judicial estoppel.

11.     Plaintiffs' claims are barred by their failure to join necessary parties.

12.     Defendants are exempt from the Unlawful Collections Practices Act and the Fair Debt Collection Practices Act under 15 U.S.C. § 1692a(6).

13.     Plaintiffs' communications with Defendants do not fall within the definition of Qualified Written Requests under 12 U.S.C. § 2605.

14.     Any violations under the FDCPA were not intentional and resulted from a bona fide error as described in 15 U.S.C. § 1692k.

15.     Defendants reserve the right to assert addition affirmative defenses as may become appropriate as investigation and discovery continue.

### III.    PRAYER FOR RELIEF

Having fully answered each and every allegation contained in Plaintiffs' Complaint, Defendants pray the Court grant the follow relief:

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 13

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

1.      Dismissal of Plaintiffs' Complaint with prejudice;

2.      Entry of an award against Plaintiffs and in favor of Defendants for all of their costs, expenses, and reasonable attorney's fees incurred in defending against this action pursuant to the terms of the note and deed of trust executed or ratified by Plaintiffs, the Fair Debt Collection Practices Act, and ORS 646.641; and

3.      Any other such relief as the Court deems just.

DATED this 20th day of May, 2013.

> /s/ Katie A. Axtell
> David A. Weibel, OSB# 082316
> Katie A. Axtell, OSB #110458
> BISHOP, WHITE, MARSHALL
>  & WEIBEL, P.S.
> 720 Olive Way, Suite 1201
> Seattle, WA  98101
> Phone:  (206) 622-5306
> Email:  dweibel@bwmlegal.com
> Attorneys for Defendants Nationstar Mortgage LLC,
> and First Horizon Home Loans, a division of First
> Tennessee Bank National Association

DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 14

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354

CERTIFICATE OF SERVICE

I hereby certify under penalty of perjury of the laws of the State of Washington and the

United States of America, that on the 20th day of May, 2013, I electronically filed the foregoing

DEFENDANTS' FIRST AMENDED ANSWER TO PLAINTIFFS' COMPLAINT, with the Clerk

of the Court using the CM/ECF system, which will serve notice to all parties of record in this

matter.

Dated this 20th day of May, 2013, at Seattle, Washington.


/s/ Ana I. Todakonzie
Ana I. Todakonzie


DEFENDANTS' FIRST AMENDED ANSWER
TO PLAINTIFFS' COMPLAINT - 15

BISHOP, WHITE, MARSHALL & WEIBEL, P.S.
720 OLIVE WAY, SUITE 1201
SEATTLE, WA 98101
(206) 622-5306 FAX: (206) 622-0354